## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| AMANDA DAILY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-3276 |
| ) | |
| MICHAEL J. BAKER, *et al.* ) | |
| ) | |
| Defendants. ) | |

# ORDER

Plaintiff, proceeding by and through counsel, brought the present lawsuit pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, and state law, alleging claims arising from her incarceration within the Illinois Department of Corrections. The matter comes before this Court for ruling on Plaintiff's Motion for Entry of Default (Doc. 105), Defendants' Motion for Leave to File Answer or Responsive Pleading (Doc. 106), and Defendants' Second Motion for Leave to File Excess Pages (Doc. 114).

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (DOC. 105)

Plaintiff's motion seeks an entry of default against Defendant Daniel Lara. The federal rules require the clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The term "otherwise defend" is broader than filing an answer or pre-answer motion under Fed. R. Civ. P. 12; it includes appearing and challenging matters such as service,

venue, or sufficiency of pleadings. *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513-14 (D. V.I. 2001). The broad interpretation reflects the strong policy in favor of deciding matters on the merits rather than by default. *See Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007).

Defendant Lara was served with a summons on November 26, 2025. (Doc. 89). He failed to file an answer or otherwise plead by the December 17, 2025, deadline for doing so. Neither Defendant Lara, nor an attorney representing him, have appeared in this case. The Court finds that entry of a default is appropriate. Plaintiff's motion is granted.

### DEFENDANTS' THIRD MOTION FOR EXTENSION OF TIME (DOC. 106)

Defendants' motion sought an extension of time to file an answer or otherwise plead. Defendants filed a motion to dismiss and related motion within the deadline requested. The Court's Text Order entered January 30, 2026, struck both motions for failure to comply with the Federal Rules of Civil Procedure and the local rules and granted Defendants leave to refile the motions within seven days. Pursuant to the Court's January 30, 2026, Defendants' motion for extension of time is denied as moot.

### DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE EXCESS PAGES (DOC. 114)

Defendants' motion seeks leave to file a memorandum of law supporting their motion to dismiss that exceeds the page and type limitations set forth in the local rules. The local rules provide that memoranda "must not exceed 15 pages in length," but a memorandum that exceed 15 pages in length will comply if "(1) it does not

contain more than 7000 words, or (2) it uses monospaced type and does not contain more than 650 lines of text." CDIL L.R. 7.1(B)(4)(a)-(b). Defendants state that their memorandum is 22 pages in length and contains approximately 7,200 words. (Doc. 114 at 3, ¶ 7).

A district court has discretion in applying its local rules. *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011). Courts in this district routinely grant motions seeking leave to exceed the page and type limitations at issue. *E.g.*, *Hughes et al v. Mitchell-Lawshea et al*, No. 15-3114, ECF Nos. 99, 125 (C.D. Ill., filed Mar. 2019). Permitting Defendants to do so here is unlikely to prejudice Plaintiff. Defendants' motion is granted. Because the Court's Text Order entered January 30, 2026, struck the memorandum cited in Defendants' motion, Defendants are granted leave to refile the memorandum within the deadline set forth below.

**THEREFORE:**

1) **Plaintiff's Motion for Entry of Default [105] is GRANTED. Clerk is directed to enter a default against Defendant Lara.**

2) **Defendants' Third Motion for Extension of Time [106] is DENIED as moot.**

3) **Defendants' Second Motion for Leave to File Excess Pages [114] is GRANTED. Defendants shall file any memorandum within 7 days of this Order.**

*SO ORDERED.*

Entered this 13th day of February, 2026.

r/Ronald L. Hanna<br>
Ronald L. Hanna<br>
United States Magistrate Judge